Case 4:21-cv-00011   Document 29   Filed on 01/18/23 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Linda Patton, § | |
|    Plaintiff, § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-0011 |
| § | |
| § | |
| Texas Woman's University-Houston, § | |
| Carine M. Feyten, Rheatte Solomon, § | |
| Ainslie Nibert, Anita Hufft, and § | |
| Carolyn Kapinus, § | |
|    Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Texas Woman's University—Houston ("TWU"), Carine M. Feyten, Rheatte Solomon, Ainslie Nibert, Anita Hufft, and Carolyn Kapinus' Motion for Summary Judgment. (Dkt. 21). After carefully reviewing the motion, response, replies, summary judgment record as a whole, and the applicable law, the Court finds that Defendants' motion should be **GRANTED** as to Plaintiff's claims under 42 U.S.C. § 1983 ("Section 1983") and **DENIED AS MOOT** as to Plaintiffs' claims under the Texas Tort Claims Act ("the TTCA"). Plaintiff's claims under the Fourth and Fourteenth Amendments are **DISMISSED WITH PREJUDICE**. The Court declines to

exercise supplemental jurisdiction over Plaintiff's claims under the TTCA, and Plaintiff's TTCA claims are **REMANDED** to the 333rd District Court of Harris County, Texas.[1]

## FACTUAL BACKGROUND

Plaintiff Linda Patton was a nursing student at TWU for a little over a year. After receiving a poor grade on an exam in her Adult Gerontology Health Nursing III class, Patton requested an individual exam review. The review session was attended by Patton; Solomon, the professor of the course; and Nibert, the Associate Dean for the Houston campus of TWU's school of nursing. The review session, acrimonious from the start, devolved into a physical altercation between Patton and Nibert. Nibert received medical treatment for her injuries following the altercation.

Following a hearing that Patton did not attend, TWU issued Patton a two-year suspension from the school. Patton was charged with simple assault by the Harris County District Attorney's Office; those charges were eventually dismissed. Patton filed this lawsuit in Texas state court, alleging that (1) Nibert and Solomon violated her Fourth and Fourteenth Amendment rights against unlawful search, seizure, and detention and assaulted her, and (2) TWU violated her Fourth and Fourteenth Amendment rights[2] by denying her due process, failing to properly train its employees and ratifying the unconstitutional

---

[1] The state-court case is cause number 20-77063 in the 333rd District Court of Harris County, Texas.
[2] Patton also listed a First Amendment retaliation claim against TWU, but only listed the numbers 99 and 100 under the heading of that claim. (Dkt. 16 at 54).

conduct of these employees.[3] Defendants moved for summary judgment after the close of discovery.

## LEGAL STANDARD

**Federal Rule of Civil Procedure 56(a)**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

A summary judgment movant who does not bear the burden of persuasion at trial can satisfy its initial burden on the motion by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *See Matsushita*, 475 U.S. at 586-87. "[T]he nonmoving

---

[3] Although Patton sued Feyten, Hufft, and Kapinus, those Defendants were otherwise unmentioned in Patton's state-court petition. (Dkt. 1-3). In her response to Defendants' Motion for Summary Judgment, Patton claims to have "dismissed all claims against all other individuals and only has claims only [sic] remaining against TWC, Nibert, and Solomon remaining [sic]." (Dkt. 25 at 4). Based on these representations, for this additional reason Feyten, Hufft, and Kapinus, are entitled to be dismissed as parties to this action.

party cannot survive a summary judgment motion by resting on the mere allegations of [her] pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmoving party must "go beyond the pleadings" and submit competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks and citation omitted). *See also Matsushita*, 475 U.S. at 586 (To avoid summary judgment, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts.").

Conclusory allegations and unsubstantiated assertions do not satisfy the nonmovant's summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "In assessing whether genuine disputes of material fact exist, the court may not undertake to evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020) (internal quotation marks and citation omitted). The court "must instead view all facts in favor of the non-moving party," and draw all reasonable inferences in the non-movant's favor. *Id.*

**42 U.S.C. § 1983**

42 U.S.C. § 1983 provides a private right of action for the deprivation of rights, privileges, and immunities secured by the Constitution or laws of the United States. Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137 (1979)). To establish § 1983 liability, plaintiff must prove that she suffered "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citing *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir. 1986)). Plaintiff must also show that the constitutional or statutory deprivation she suffered was intentional or due to deliberate indifference and not the result of mere negligence. *Id.* (citing *Baker*, 99 S. Ct. at 2695).

**Qualified Immunity**

The doctrine of qualified immunity protects government officers from civil liability in their individual capacities if their conduct does not violate clearly established federal statutory or constitutional law of which a reasonable person would have known. *Kisela v. Hughes,* 138 S. Ct. 1148, 1152 (2018). Once raised as a defense, the plaintiff has the burden to demonstrate that qualified immunity should be pierced. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). This inquiry requires a two-prong analysis, in which the court determines (1) whether the official violated a statutory or constitutional right, and (2) whether the unlawfulness of the official's conduct was "clearly established" at that time. *District of Columbia v. Wesby,* 138 S. Ct. 577, 589 (2018); *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011).

A right is "clearly established" only where pre-existing law "dictate[s], that is truly compel[s] (not just suggest[s] or allow[s] or raise[s] a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in these circumstances." *Sama v. Hannigan*, 669 F.3d 585, 591 (5th Cir. 2012). Even if a defendant's conduct violates a plaintiff's constitutional rights, the defendant is entitled to qualified immunity unless "all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's rights" *Carroll v. Ellington,* 800 F. 3d 154, 169 (5th Cir. 2015).

## ANALYSIS

### *TWU*

Defendants argue that all of Patton's claims against TWU are barred by sovereign immunity. (Dkt. 17 at 13-14). Alternatively, Defendants argue that TWU cannot be sued under Section 1983 because TWU is not a "person" under Section 1983. In response, Patton attempts to introduce a disability discrimination claim under the Americans with Disabilities Act ("the ADA") against TWU, a claim that was not raised in her initial petition.

While the Court agrees with Defendants that summary judgment is warranted on Patton's claims against TWU, the Court disagrees with Defendants' primary argument for summary judgment (*i.e.*, TWU's sovereign immunity from suit). TWU waived its immunity from suit when it removed Patton's case to federal court. *See Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005) ("[W]hen Texas removed this case to

federal court it voluntarily invoked the jurisdiction of the federal courts and waived its immunity from suit in federal court.").[4]

The Court agrees with Defendants, however, that summary judgment is warranted for the claims against TWU—all of which brought under Section 1983—because "state universities as arms of the state are not 'persons' under [Section] 1983." *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007).[5] Thus, Sutton's Section 1983 claims against TWU are "invalid." *Id*.

***The Individual Defendants***

Defendants argue that summary judgment is warranted for the claims against Solomon, Nibert, Hufft, Feyten, and Kapinus ("the individual defendants") because (1) the individual defendants are entitled to qualified immunity from Patton's constitutional claims, and (2) Solomon and Nibert are entitled to sovereign immunity from Patton's assault claim under the Texas Tort Claims Act ("TTCA"). (Dkt. 17 at 15-21). In response, Patton argues—without citing evidence[6]—that Solomon and Nibert are not entitled to

---

[4] In *Meyers*, the Fifth Circuit held that question of whether Texas retained a separate immunity from liability after removing a suit to federal court "must be decided according to that state's law." 410 F.3d at 255. The Court declines to engage in this analysis in light of its dismissal of Patton's constitutional claims against TWU on other grounds.

[5] Patton argues that TWU is subject to *Monell* liability. (Dkt. 1-3 at 17-18). In *Monell*, the Supreme Court held that certain "local governing bodies" are "person[s]" that can be sued under Section 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Under Fifth Circuit precedent, state universities do not fall within *Monell*'s ambit. *Stotter*, 508 F.3d at 821.

[6] In the section of her response to Defendants' motion for summary judgment that addresses Solomon and Nibert's qualified immunity from suit, Patton cites only the deposition testimony of Donna Frazier that was obtained in connection with Patton's criminal case. (Dkt. 25 at 8). The Court agrees with Defendants that Frazier's deposition is not competent summary judgment evidence in this matter. Fed. R. Civ. P. 32(a)(8). "Rule 56 does not impose upon the district court

qualified immunity on the constitutional claims against them. Patton did not respond to Defendants' argument regarding Patton's assault claim.

As an initial matter, the Court agrees with Defendants that Hufft, Feyten, and Kapinus are entitled to qualified immunity due to Patton having failed to articulate any claims against them in her state-court petition. (Dkt. 1-3). The Court further agrees that Solomon and Nibert are entitled to qualified immunity due to Patton having failed to meet her summary judgment burden of demonstrating that Solomon and Nibert (1) violated a statutory or constitutional right, or (2) that the unlawfulness of Solomon and Nibert's conduct was clearly established at the time of the alleged violation. *See District of Columbia v. Wesby,* 138 S. Ct. 577, 589 (2018).

Patton claims that Nibert and Solomon "unlawfully and intentionally gave false and misleading information to the Houston Police Department detective . . . to obtain an arrest warrant which resulted in the arrest of Ms. Patton." (Dkt. 1-3 at 13). Patton further claims that Nibert and Solomon "caused the illegal seizure and false arrest of Ms. Patton." (Dkt. 1-3 at 15). Although Patton's claims against Nibert and Solomon are listed under the heading "Fourteenth and Fourth Amendments: Due Process, Unlawful Search, Seizure, and Detention," (Dkt. 1-3 at 13), Patton raises no due process or unlawful search violations against either Defendant.

---

a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 916 (5th Cir. 1992), *opinion corrected* (Mar. 26, 1992).

The Court finds that Patton has failed to allege a colorable constitutional or statutory violation on the part of Nibert and Solomon. As university employees who merely gave statements to law enforcement officials during a criminal investigation, Nibert and Solomon cannot be held responsible for the alleged "illegal seizure" and "false arrest" of Patton. *See Kerr v. Lyford*, 171 F.3d 330, 339 (5th Cir. 1999), *abrogated on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) ("As a matter of law, [the special prosecutor and assist district attorney's] intervening, independent actions sever [state employees who give statements to law enforcement's] responsibility for the [plaintiff's] alleged unreasonable seizure, false arrest, and false imprisonment.").

Furthermore, Patton has cited no analogous cases to support her argument that the alleged unlawfulness of Solomon and Nibert's conduct was clearly established. When attempting to show that a right was clearly established at the time of the challenged conduct, "[i]t is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality." *Vann v. City of Southaven, Mississippi*, 884 F.3d 307, 310 (5th Cir. 2018) (quotation marks omitted) ("Plaintiff . . . cited nary a pre-existing or precedential case. That alone dooms his case here."). The inquiry "must be undertaken in light of the specific context of the particular case, not as a broad general proposition." *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020) (brackets and ellipsis omitted). "Although qualified immunity does not require a case in point, existing precedent must have placed the statutory or constitutional question beyond debate[,]" such that "every reasonable official would understand that what she is doing violates that right." *Id.* (brackets and quotation marks omitted).

Having found that the individual defendants are entitled to qualified immunity for any alleged constitutional or statutory claims against them, all that remains is Patton's assault claims against Solomon and Nibert under the TTCA.[7] For the reasons discussed below, the Court will decline to exercise supplemental jurisdiction over Patton's TTCA claims and will deny Defendants' motion for summary judgment on those claims as moot.

## SUPPLEMENTAL JURISDICTION

Federal district courts have the discretion to decline to exercise supplemental jurisdiction over state-law claims; that discretion is guided by the statutory factors set forth in 28 U.S.C. § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

The factors listed in 28 U.S.C. § 1367(c) are:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"These interests are to be considered on a case-by-case basis, and no single factor is dispositive." *Mendoza*, 532 F.3d at 346. The general rule is that a court should decline

---

[7] In her response to Defendants' Motion for Summary Judgment, Patton attempts to "dismiss[] all state law tort claims against all defendants, not including state law claims against Nibert." (Dkt. 25 at 7). Patton cannot dismiss her assault claim against Solomon in a response to a motion for summary judgment.

to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Having dismissed all claims over which it has original jurisdiction, the Court will follow the general rule and decline to exercise supplemental jurisdiction over Patton's TTCA claims. Thus, Patton's TTCA claims are remanded to state court, where this case originated.

## CONCLUSION

Defendants' motion for summary judgment should be **GRANTED** as to Plaintiff's claims under 42 U.S.C. § 1983 ("Section 1983") and **DENIED AS MOOT** as to Plaintiffs' claims under the Texas Tort Claims Act ("the TTCA"). Plaintiff's claims under the Fourth and Fourteenth Amendments are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims under the TTCA, and Plaintiff's TTCA claims are **REMANDED** to the 333rd District Court of Harris County, Texas.

SIGNED at Houston, Texas on January 18, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE